IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GEOFFREY V. WHITE, and individual; LAW OFFICE OF GEOFFREY V. WHITE; LORRAINE BURKE, and individual and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C 09-05668 JSW<br><br>**ORDER DENYING DEFENDANT WHITE'S MOTION TO REQUIRE DEPOSIT OF DISPUTED FUNDS** |

Now before the Court is the motion to require deposit of disputed funds in a Court registry filed by defendant Geoffrey V. White ("White"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for March 5, 2010 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES White's motion.

White moves to require plaintiff Hartford Life & Accident Insurance Company ("Hartford") to deposit twenty-five percent of defendant Lorraine Burke's ("Burke") disability benefits with the Court pending a resolution of Burke's objections to White's asserted lien for unpaid legal fees and costs. Based on an agreement entitled "Contingency Fee Agreement" ("Agreement") signed on January 31 and February 6, 1998, to be effective March 28, 1997, White contends that he is entitled to between twenty-five and thirty-three percent of Burke's

long term disability benefits paid by Hartford for services he rendered between 1997 and 2008. Although White contends that he is entitled to this large percentage of the long term disability benefits Burke has and will continue to obtain until she is sixty-five years old, totaling $395,000, White states that he is willing to accept an hourly fee for his services and for costs. According to White the balance of the fees and costs he is owed amounts to $36,854.00 or $36,897.65. (*Compare* Mot. at 2 *with* Declaration of Geoffrey V. White ("White Decl."), Ex. 2.) White further contends that he is entitled to execute a lien on Burke's long term disability benefits pursuant to the Agreement.

The Agreement provides, in pertinent part:

> **1. Legal Action.** [Burke] retains [White] to represent her in connection with her claim for long-term disability benefits, and other appropriate relief, against Viking Freight, Inc,. Hartford Life & Accident Insurance Co., ... for the benefits earned and losses suffered by [Burke] arising out of her claim for LTD benefits ....
> ...
> **6. Litigation Costs and Expenses:** [White] is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. [Burke] agrees to pay for such costs and expenses in addition to the contingency fee discussed below. ....
> ...
> **7. Contingency Fee to Attorney:** ... [Burke] agrees that the following fee arrangement is fair and reasonable, and to pay [White] the following amount:
>     a. If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial or arbitration date, an amount equal to twenty-five per cent (25%) of the net recovery obtained.
>     b. Thereafter, an amount equal to thirty-three percent (33%) of the net recovery, whether by way of arbitration, settlement, judgment or compromise.
>     c. "Net recovery' means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs and expenses," as defined [herein]. ...
> ...
>     e. Form of recovery: If the recovery consists of payments to be made over a period of time, ... the contingency fee shall be based on the present cash value of the recovery as of the time of settlement, award or judgment, as determined by generally recognized accounting and appraisal standards. The contingency fee shall be paid out of the first funds or property received by [Burke].
> ...
> **8. Attorney's Lien:** To secure payment to [White] of all sums due under this Agreement for services rendered or costs advanced, [Burke] shereby (*sic*) grants [White] a general lien in addition to any statutory lien, on [Burke]'s claim and any cause of action or lawsuit filed thereon, and any and all judgments recovered, any and all funds or property realized or paid by compromise or settlement, as security for the payment of [White]'s compensation and costs and

|   | expenses advanced. This lien shall continue in the event [White] is discharged or withdraws. |
|---|---|

(White Decl., Ex. 1.)

The services and costs for which White now seeks to recover were all performed and expended in 2004 or earlier.[1] (*Id.*, Ex. 2.) In opposition to White's motion, Burke argues that White's attempt to recover his attorneys' fees and costs pursuant to the Agreement is time-barred. Under California law, the statute of limitations on claims for breach of contract is four years. See *Fontana Industries, Inc. v. Western Grain & Fertilizer Co.*, 167 Cal. App. 2d 408, 412 (1959); *see also* Cal. Code Civ. Proc. § 337(1). Hartford did not file this interpleader action until December 2, 2009 and White did not file this instant motion until January 28, 2010, well after the four-year statutory period had expired. White does not respond to this argument in his reply brief. Based on the likelihood that White's claim to recover attorneys' fees and costs pursuant to the Agreement is time barred, the Court DENIES White's motion to deposit a portion of Burke's long term disability payments with the Court.

**IT IS SO ORDERED.**

Dated: February 23, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In support of his statement that he is owed $36,854 in attorneys' fees through September 2008 and costs of $4,618,86, White cites to Exhibit 2 to his declaration. Exhibit 2 is a letter dated April 18, 2006 in which White delineates the services he performed through 2004 and states that he is still owed $36,897.65 for attorneys' fees and costs for these services. (White Decl., Ex. 2.)

3