**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,

    Plaintiff,

  v.

GEOFFREY V. WHITE, and individual; LAW
OFFICE OF GEOFFREY V. WHITE;
LORRAINE BURKE, and individual and
DOES 1 through 10, inclusive,

    Defendants.

No. C 09-05668 JSW

**ORDER REQUIRING FURTHER BRIEFING AND CONTINUING HEARING**

Defendant Lorraine Burke ("Burke") filed a document entitled "motion to dismiss," but filed it under Federal Rule of Civil Procedure 12(c), which provides for motions for judgment on the pleadings. Despite this ambiguity, defendant Geoffrey V. White ("White") argues in opposition to the motion that because both he and Burke rely upon evidence outside of the pleadings, the Court should convert the motion to one for summary judgment. Burke fails to address this argument in her reply. Nevertheless, because the Court agrees that both parties are relying on evidence outside of the pleadings, the Court HEREBY CONVERTS Burke's motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 921-22 (9th Cir. 2004).

There are other ambiguities in this matter which preclude the Court from squarely addressing Burke's motion. First, in this interpleader action, now that Hartford Life & Accident Insurance Company ("Hartford") has been dismissed from this action and neither White nor

Burke have filed any claims against each other, the scope of this action is a bit unclear. Hartford initiated this action based on White's disputed contention that he is entitled to enforce a lien on Burke's long-term disability benefits. In Burke's pending motion, the parties dispute whether White's right to recovery under the agreement entitled "Contingency Fee Agreement" ("Agreement") is an installment contract, whether White's claims for recovery are time barred, and whether services rendered after 2003 were rendered pursuant to the Agreement.

The Court may interpret the Agreement as a matter of law and determine whether or not it is an installment contract. However, assuming the Agreement is not an installment contract, the Court needs further clarification from the parties regarding the scope of this action and the facts underlying their dispute. First, what is the timing and nature of White's legal services rendered to Burke after 1998?[1] Second, specifically what legal services were rendered pursuant to the Agreement and what legal services, if any, were rendered beyond the scope of the Agreement?

Third, with respect to the legal services rendered outside of the Agreement, if any, it appears to be undisputed that White would not be entitled to enforce the lien set forth in the Agreement. If there were legal services that were rendered outside of the Agreement, on what basis may the Court determine whether or not White's claim for payment is time-barred? In other words, in the absence of any claims directly between White and Burke, once the Court determines that White would not be entitled to enforce the lien against Hartford's payments to Burke, what more could the Court do in this interpleader action?

The Court HEREBY ORDERS White to file a supplemental brief no longer than ten pages in length to address these three issues by no later than May 5, 2010. Burke shall file a responsive supplemental brief no longer than ten pages to address these three issues by no later than May 14, 2010. Again, in addressing these issues, the parties shall treat the Agreement as

---

[1] Although the parties argue about legal services rendered in 2008, White's declaration in support of his motion to require deposit of disputed funds in a Court registry White states that he is owed $36,854 in attorneys' fees through September 2008 and costs of $4,618,86. Although he argued that he is owed fees for services rendered in 2008, his declaration only provided evidence of services performed through 2004. There is currently no evidence before this Court regarding legal services provided after 2004.

2

though it is not an installment contract. White and Burke may provide evidence in support of their supplemental briefs. Further, the Court CONTINUES the hearing on Burke's motion to July 2, 1010.

**IT IS SO ORDERED.**

Dated: April 21, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE