IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GEOFFREY V. WHITE, and individual; LAW OFFICE OF GEOFFREY V. WHITE; LORRAINE BURKE, and individual and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C 09-05668 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART BURKE'S MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is the motion filed by defendant Lorraine Burke ("Burke") against defendant Geoffrey V. White ("White").[1] This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 2, 2010 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby grants in part and denies in part Burke's motion for summary judgment.

---

[1] Defendant Lorraine Burke ("Burke") filed a document entitled "motion to dismiss," but filed it under Federal Rule of Civil Procedure 12(c), which provides for motions for judgment on the pleadings. Despite this ambiguity, defendant Geoffrey V. White ("White") argues in opposition to the motion that because both he and Burke rely upon evidence outside of the pleadings, the Court should convert the motion to one for summary judgment. Burke fails to address this argument in her reply. Nevertheless, because the Court agrees that both parties are relying on evidence outside of the pleadings, the Court HEREBY CONVERTS Burke's motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 921-22 (9th Cir. 2004).

**BACKGROUND**

Hartford Life & Accident Insurance Company ("Hartford") filed this interpleader action against White and Burke to have the Court determine the parties' respective rights to proceeds under a long-term disability insurance plan issued by Hartford. Hartford has since been dismissed from this action.

The issue before the Court is whether White is entitled to enforce a lien in a retainer agreement between him and Burke. The parties dispute whether the retainer agreement signed by Burke and White is an installment contract and whether White's claims for attorneys fees based on services rendered in 1998, 2003, and 2008 are time barred.

Based on an agreement entitled "Contingency Fee Agreement" ("Agreement" or "Retainer Agreement") signed on January 31 and February 6, 1998, to be effective March 28, 1997, White contends that he is entitled to between twenty-five and thirty-three percent of Burke's long term disability benefits paid by Hartford for services he rendered between 1997 and 2008. White further contends that he is entitled to execute a lien on Burke's long term disability benefits pursuant to the Agreement.

The Agreement provides, in pertinent part:

> **1. Legal Action.** [Burke] retains [White] to represent her in connection with her claim for long-term disability benefits, and other appropriate relief, against Viking Freight, Inc,. Hartford Life & Accident Insurance Co., ... for the benefits earned and losses suffered by [Burke] arising out of her claim for LTD benefits ....
>
> **2. Services To Be Performed By Attorney:** [White] agrees to perform the following legal services, as necessary, with respect to the claims described above: investigation of claims, determination of responsible parties, preparation and filing of suit, settlement proceedings and negotiations, prosecution of suit to judgment in an appropriate trial court, and, if judgment is obtained in [Burke]'s favor, opposition a motion for new trial by an opposing party. ...
>
> ...
>
> **4. Services Not Covered By This Agreement:** If additional services are necessary in connection with [Burke]'s claims, and [Burke] requests [White] to perform such services, additional fee arrangements must be made between [White] and [Burke]. Such additional services may be required, for example: if the judgment obtained is not in [Burke]'s favor or the amount thereof is unsatisfactory to [Burke]; if the judgment obtained is in [Burke]'s favor and an opposing party appeals from the judgment; if a retrial is ordered after a motion

2

for new trial or mistrial, or reversal of the judgment on appeal; or in judgment enforcement proceedings.

...

**6.     Litigation Costs and Expenses:** [White] is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. [Burke] agrees to pay for such costs and expenses in addition to the contingency fee discussed below. ....

...

**7.     Contingency Fee to Attorney:** ... [Burke] agrees that the following fee arrangement is fair and reasonable, and to pay [White] the following amount:
    a.     If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial or arbitration date, an amount equal to twenty-five per cent (25%) of the net recovery obtained.
    b.     Thereafter, an amount equal to thirty-three percent (33%) of the net recovery, whether by way of arbitration, settlement, judgment or compromise.
    c.     "Net recovery' means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs and expenses," as defined [herein]. ...
...
    e.     Form of recovery: If the recovery consists of payments to be made over a period of time, ... the contingency fee shall be based on the present cash value of the recovery as of the time of settlement, award or judgment, as determined by generally recognized accounting and appraisal standards.  The contingency fee shall be paid out of the first funds or property received by [Burke].

...

**8.     Attorney's Lien:** To secure payment to [White] of all sums due under this Agreement for services rendered or costs advanced, [Burke] shereby (*sic*) grants [White] a general lien in addition to any statutory lien, on [Burke]'s claim and any cause of action or lawsuit filed thereon, and any and all judgments recovered, any and all funds or property realized or paid by compromise or settlement, as security for the payment of [White]'s compensation and costs and expenses advanced.  This lien shall continue in the event [White] is discharged or withdraws.

(White Decl., Ex. 1.)

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.     Legal Standards Applicable to Motions for Summary Judgment.**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

3

1 matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence
2 for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*,
3 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case.
4 *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the
5 evidence or make credibility determinations, and is required to draw all inferences in a light
6 most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.
7 1997).

8 A principal purpose of the summary judgment procedure is to identify and dispose of
9 factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The
10 party moving for summary judgment bears the initial burden of identifying those portions of the
11 pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of
12 material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at
13 trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for
14 the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party
15 must go beyond the pleadings and by its own evidence "set forth specific facts showing that
16 there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify
17 with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,
18 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251
19 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a
20 genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving
21 party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

22 **B.    Burke's Motion.**

23 Burke argues that White's claim for attorneys' fees, and thus claim to enforce the lien in
24 the Retainer Agreement, is time barred. White counters that the Retainer Agreement is an
25 installment contract, and that a new claim for attorneys' fees accrues each time Burke receives a
26 long-term disability payment from Hartford. Courts determine whether a contract is an
27 installment or divisible contract based on the parties' intent, which is revealed in the first
28 instance by "the nature and character of the agreement." *See Armstrong Petroleum Corp. v.*

4

1  *Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1389 (2004) (citations omitted).  Here, the
2  language of the Agreement specified that even if Burke's recovery consisted of payments to be
3  made over a period of time, White's contingency fee would be based on the present cash value
4  of the recovery as of the time of settlement, award or judgment.  (Agreement, ¶ 7(e).)  Based on
5  the plain language of the Agreement, despite the fact that Burke might receive her recovery
6  from Hartford over time, the Agreement for attorneys' fees was not an installment contract.
7  White's arguments to the contrary are not persuasive.

8       First, White relies on authority that Burke's right to receive long-term disability benefits
9  from Hartford is an installment contract.  However, the construction of the plan under which
10 Burke receives disability benefits is not relevant to the construction of the Agreement between
11 White and Burke for legal services.  Therefore, this authority does not assist White.

12      Next, White relies on a California case, *Sayble v. Feinman*, 76 Cal. App. 3d 509 (1978)
13 to argue that "California law is clear that White's right to a percentage fee based on Burke's
14 recovery accrues only as each installment payment is made."  (Opp. at 13.)  However, in *Sayble*,
15 the court was merely construing the phrase "Attorney(s) shall be paid 28 1/3% of any money
16 recovered in this matter."  *Id.* at 511.  In contrast to the instant Agreement, the retainer
17 agreement at issue in *Sayble* did not contain any provision that addressed recovery which was
18 paid over a period of time.  In fact, the parties agreed that at the time that they entered into their
19 retainer agreement, neither party contemplated a settlement other than a lump sum of cash.  *Id.*
20 However, the settlement provided for an initial sum, plus a lifetime annuity of $2,500 per
21 month.  In the absence of a provision addressing recovery that was paid over a period of time,
22 the court construed the terms "money recovered" to mean money when it was actually received
23 from the annuity.  Therefore, *Sayble* is inapposite here.

24      Ironically, White also argues that he could not have enforced the provision in the
25 Agreement requiring payment of a contingency fee in 1998 based on the present value based on
26 Burke's future benefits because it would have been unconscionable and the Agreement would
27 have violated California Business and Professions Code § 6147(a)(2).  According to White, the
28 Agreement did not contain all of the disclosures required by Section 6147(a)(2).  If true, then

1  the Agreement would be "*voidable at the option of [Burke]* and the attorney is then entitled to a
2  reasonable fee for services performed." *Alderman v. Hamilton*, 205 Cal. App. 3d 1033, 1037
3  (1988) (emphasis in original).  If Burke decided to void the Retainer Agreement, then the lien
4  within the Agreement would be voided with it.  It is not clear on what basis White argues that
5  the Agreement that admittedly violates Section 6147 is now fully enforceable.  Therefore, the
6  Court finds that the Retainer Agreement is not an installment contract, and thus, that White's
7  claim for attorneys' fees accrued when Burke first received her settlement from Hartford in
8  1998.

9  Under California law, the statute of limitations on claims for breach of contract is four
10 years.  See *Fontana Industries, Inc. v. Western Grain & Fertilizer Co.*, 167 Cal. App. 2d 408,
11 412 (1959); *see also* Cal. Code Civ. Proc. § 337(1).  Hartford did not file this interpleader
12 action until December 2, 2009 and White did not file this instant motion until January 28, 2010,
13 well after the four-year statutory period had expired.  Therefore, the Court finds that White's
14 claim to recover attorneys' fees and costs pursuant to the Retainer Agreement is time barred.
15 Accordingly, White cannot enforce the lien in the Retainer Agreement to recover attorneys' fees
16 and costs.

17 **C.    Burke's Request for Sanctions.**

18 In her motion, Burke requests sanctions under Federal Rule of Civil Procedure 11
19 ("Rule 11") or attorneys' fees under 29 U.S.C. § 1132(g)(1).  Burke is not entitled to sanctions
20 under Rule 11 because she failed to follow the requisite procedures in seeking such sanctions.
21 *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other
22 motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion
23 must be served under Rule 5, but it must not be filed or presented to the Court if the challenged
24 paper ... is withdrawn or appropriately corrected within 21 days after service ... .)  Burke failed
25 to seek sanctions in a separately filed motion, specifically describing the allegedly sanctionable
26 conduct.  Burke also failed to demonstrate that she served such motion on White, giving White
27 an opportunity to withdraw his allegedly sanctionable papers filed with the Court.  Therefore,
28 the Court denies Burke's request for sanctions under Rule 11.

6

Nor does Burke demonstrate that she is entitled to recover attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). This provision authorizes courts to award attorneys' fees and costs to a plan participant or beneficiary of an ERISA plan if such party prevails in a suit under Section 1132 to enforce their rights under the ERISA plan. *See* 29 U.S.C. § 1132(g)(1); *see also Carpenters Health and Welfare Trust for Southern California v. Vonderharr*, 384 F.3d 667, 673-674 (9th Cir. 2004). This action, and the motions between Burke and White, was not was brought by Burke or White to enforce their rights under an ERISA plan. The dispute between Burke and White concerned White's ability to enforce a lien in a retainer agreement. Burke has not submitted any authority demonstrating that Section 1132(g)(1) authorizes the imposition of attorneys' fees in such a situation. If fact, Burke has not submitted *any* authority in support of her request for attorneys' fees other than to mention the statute. Accordingly, the Court denies Burke's request for attorneys' fees under Section 1132(g)(1).

## CONCLUSION

For the forgoing reasons, the Court GRANTS IN PART and DENIES IN PART Burke's motion for summary judgment. The Court GRANTS Burke's motion on the grounds that White is not entitled to enforce the lien in the Retainer Agreement and DENIES Burke's request for sanctions or attorneys' fees.

**IT IS SO ORDERED.**

Dated: June 25, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE